UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-20146-KMM

PETER G. GERACE, JR.,

    Plaintiff,
v.

THE MCCLATCHY COMPANY, LLC, *et al.*,

    Defendants.
_____/

### ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE came before the Court upon the Complaint filed by Plaintiff Peter G. Gerace, Jr. ("Compl.") (ECF No. 1). The Complaint alleges that this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332. *Id.* ¶¶ 2–7. However, complete diversity between Plaintiff and Defendants is not apparent on the face of the Complaint.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The Court is obligated to inquire into the question of its jurisdiction over cases brought before it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Univ. of S. Ala.*, 168 F.3d at 410 ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject

matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, it is not clear that the Court has subject-matter jurisdiction over this action. "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). And "[w]here jurisdiction depends on diversity of citizenship, for example, courts will look to see whether the parties are in fact diverse, not simply whether they are arguably so." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1322 (2017). The Complaint fails to adequately allege the citizenship of the LLC parties to this action—and nothing in the record provides further clarity. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (noting that "a party must list the citizenships of all the members of the limited liability company" to establish the citizenship of an LLC for diversity purposes).

If the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *See id.* Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020).

UPON CONSIDERATION of the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED the above-styled case is DISMISSED WITHOUT PREJUDICE.  Plaintiff is permitted to file an amended complaint that properly alleges the basis for invoking diversity jurisdiction by January 20, 2023.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of January, 2023.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record